ERIKSEN v. LUCAS.

1. DEEDS—EXECUTION—DELIVERY.
   To have delivery of a deed there must exist an executed deed.

2. SAME—DELIVERY—INTENT.
   Manual delivery of a deed is not necessary to pass title as delivery may be effected by the grantor in any manner he chooses which clearly evidences an intent to vest title *in praesenti* in the grantee to the exclusion of subsequent control over operation of the instrument.

3. SAME—EXECUTION—DELIVERY—EVIDENCE.

> Neither existence nor delivery of deed of real estate to adopted daughter and sole heir at law of testator were established by testator's letter reciting deed was made out to her but that testator was keeping it and all that grantee need do was to have it recorded and claim that such a letter, in and of itself, would operate as a sufficient conveyance of title is without merit.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted April 12, 1938. (Docket No. 87, Calendar No. 40,004.) Decided June 6, 1938. Rehearing denied June 30, 1938.

Bill by Edith Eriksen against Vernon Lucas and wife to obtain title to real property, for an accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*John R. Rood,* for plaintiff.

*George W. Des Jardins* and *John G. Libbers,* for defendants.

WIEST, C. J.    This is a suit in equity by Edith Eriksen, adopted daughter and sole heir at law of Asa Farnsworth, to obtain a decree adjudging that, under the following statements in a letter she received from Mr. Farnsworth in May, 1933, she owns certain premises in the city of Lapeer, deeded by Charles Cogshall and wife to Mr. Farnsworth, and by him devised, by his probated will, to defendants:

"And now that last piece which I bought they made out the deed to me never asked who to deed it to now I have a deed made out to Edith Eriksen subject to the contract to George Snider and wife.

"Which I shall keep with the deed and contract so all you need do is to have the deed recorded then

the contract will be under your control I think all my matters are fixed in much that same way in your favor.''

Plaintiff claims that, if the deed therein mentioned was by Mr. Farnsworth to her, the letter constituted delivery of the deed and title vested in her as of that time and, if the deed therein mentioned was one from Mr. Cogshall to her, then she has title thereunder.

The circuit judge held that the deed mentioned in the letter, if any was ever executed, was by the father and the letter did not constitute delivery. In this we think the court correct.

The deed from Cogshall to Farnsworth was of record and we assume that Farnsworth entered into contract with Snider and it would, under the circumstances, have been senseless and abortive for Cogshall, after his recorded deed to Farnsworth, to have executed another deed to Edith Eriksen. Besides there is no proof that he ever did so.

There is no proof that Mr. Farnsworth was under any obligation to have taken the deed from Cogshall in the name of Edith Eriksen, and no evidence from which Mr. Farnsworth can be adjudged to have held title as trustee. No deed from Mr. Farnsworth to plaintiff has been found and there is no evidence of execution of such a deed, beyond the statement in the letter, and, under that statement Mr. Farnsworth retained possession of the deed, if executed.

To have delivery of a deed there must exist an executed deed. But, assuming there was a deed duly executed, we think the letter falls short of constituting delivery thereof, with intention to pass title then. Manual delivery to a grantee is not necessary, for it may be in any manner adopted by the grantor, clearly evidencing an intention of vesting title *in prae-*

*senti* in the grantee to the exclusion of subsequent control over operation of the instrument. The evidence in this case does not meet the requirement of that standard, and we hold, as did the circuit judge, that the proofs failed to establish delivery of the deed, if one was ever executed. The statement in the letter was insufficient to establish the existence of a deed.

The claim that the letter, in and of itself, was a sufficient conveyance of title has no merit.

Cases bearing on the question of delivery of deeds have been examined and found, in the last analysis, to hold as we have herein stated.

We find no merit in plaintiff's appeal and the decree in the circuit court is affirmed, with costs to defendants.

BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.