PEOPLE v BARKLEY

Docket No. 83048. Submitted February 6, 1986, at Detroit. Decided April 22, 1986. Leave to appeal applied for.

Reginald R. Barkley was convicted by a jury in Wayne Circuit Court of armed robbery and assault with intent to do great bodily harm less than murder and was sentenced, Helene N. White, J. He appealed. *Held:*

1. Although the trial court gave an erroneous jury instruction on the being armed element of the crime of armed robbery, the giving of that instruction did not result in manifest injustice and does not require reversal.

2. Comments made by the prosecutor during oral arguments, although less than exemplary, did not deny defendant a fair trial.

3. The trial court imposed a maximum sentence for the assault conviction in excess of the statutory limit and failed to articulate its reasons for sentencing. Defendant's sentence on the assault conviction is vacated and the case is remanded for resentencing on the assault conviction. On remand, the court is to articulate on the record its reasons for imposing the fourteen to twenty-five year sentence on the armed robbery conviction as well as its reasons for the new sentence on the assault conviction.

Affirmed in part, vacated in part, and remanded.

1. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

A conviction normally will not be reversed on the basis of errors found in the jury instructions unless an objection to the erroneous portion of the instruction was raised at trial; relief will be granted absent an objection only in cases of manifest injustice.

REFERENCES

Am Jur 2d, Appeal and Error §§ 612 *et seq.*
Am Jur 2d, Criminal Law §§ 525 *et seq.*
Am Jur 2d, Robbery §§ 5-9.
Am Jur 2d, Trial §§ 573 *et seq.*
Am Jur 2d, Weapons and Firearms §§ 1-3.
Robbery by means of toy or simulated gun or pistol. 81 ALR3d 1006.
See also the annotations in the ALR3d/4th Quick Index under Criminal Law; Sentence and Punishment; Weapons.

2. Robbery — Armed Robbery — Weapons.

> A person, to be convicted of armed robbery, must have been armed with an article which in fact is either a dangerous weapon or some article, harmless in itself, which is used or fashioned in a manner to induce the victim's reasonable belief that the article is a dangerous weapon (MCL 750.529; MSA 28.797).

3. Weapons — Dangerous Weapons.

> Whether an object is a dangerous weapon depends not upon the victim's belief that the object is a dangerous weapon but upon the weapon itself and how it is used; a dangerous weapon may be either a weapon designed to be dangerous and, when employed, is dangerous or an instrumentality which, although not designed to be a dangerous weapon, is used as a weapon and, when so employed, is dangerous.

4. Weapons — Dangerous Weapons.

> An object which a victim believes is a dangerous weapon but is in itself harmless and is not employed in a dangerous manner is not a dangerous weapon.

5. Criminal Law — Appeal — Sentencing.

> Trial courts, in order to aid the review of sentences, must articulate on the record at the time of sentencing in a criminal case the reasons for imposing the sentence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Olga Agnello-Raspa,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: Beasley, P.J., and Gribbs and M. H. Cherry,* JJ.

Per Curiam. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and assault with intent to do great bodily harm less

* Circuit judge, sitting on the Court of Appeals by assignment.

than murder, MCL 750.84; MSA 28.279, but acquitted of felony-firearm, MCL 750.227b; MSA 28.424(2). He was sentenced to fourteen to twenty-five years imprisonment on the robbery conviction, and six to fifteen years imprisonment on the assault conviction. He appeals his convictions and sentences as of right. We affirm his convictions, but remand for articulation of the reasons for the trial court's sentence on the armed robbery conviction and for resentencing on the assault conviction.

Defendant first contends on appeal that his conviction for armed robbery must be reversed because the second sentence of the trial court's instruction to the jury on the being armed element of armed robbery, CJI 18:1:01(4), permitted the jury to find that defendant was armed merely because the victim believed defendant had a gun.

MCL 750.529; MSA 28.797 provides, in pertinent part:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, *or* any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. [Emphasis added.]

CJI 18:1:01(4) states:

Second, that at the time of such assault the defendant was armed with a dangerous weapon, or with an article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be [a] dangerous weapon. [*A dangerous weapon is anything which the person assaulted reasonably believes could cause serious physical*

*injury or death in the manner in which it is used.*]
[Emphasis added.]

The entire instruction, including the emphasized language, was given in this case. Only the emphasized portion of the instruction has been challenged in this appeal.

The armed robbery statute requires either that a robber be armed with a dangerous weapon or that the robber use an article to lead the person assaulted to reasonably believe that it is a dangerous weapon. It does not define a dangerous weapon as anything which the person assaulted reasonably believes could cause serious physical injury or death in the manner in which it is used.

Defendant argues that the second sentence of this instruction transforms a victim's reasonable belief that there exists a dangerous weapon into a finding of the presence of a dangerous weapon. Initially we note that when the prosecution requested the giving of the second sentence of the instruction, defense counsel did not specifically object to that sentence of the instructions, although counsel did state that he did not see what the sentence added to the instruction. Thus, relief will be granted only to prevent manifest injustice. *People v Kelly,* 423 Mich 261, 271-272; 378 NW2d 365 (1985).

To commit armed robbery, the robber must be armed with an article which, in fact, is either a dangerous weapon or is some article, harmless in itself, used or fashioned in a manner to induce the victim's reasonable belief that the article is a dangerous weapon. *People v Parker,* 417 Mich 556; 339 NW2d 455 (1983), cert den 466 US 561; 104 S Ct 2180; 80 L Ed 2d 561 (1984); *People v Saenz,* 411 Mich 454; 307 NW2d 675 (1981). See also *People v Goolsby,* 284 Mich 374, 378; 279 NW 867 (1938);

*People v McCadney,* 111 Mich App 545; 315 NW2d 175 (1981). Thus, the first sentence of CJI 18:1:01(4) accurately instructs that defendant must be armed with a dangerous weapon or an article used or fashioned in a manner to lead the victim to reasonably believe it to be a dangerous weapon. However, we agree with defendant that the second sentence of CJI 18:1:01(4) is erroneous, but not for the reason advanced by defendant.

The second sentence of CJI 18:1:01(4) is erroneous because it incorrectly defines a dangerous weapon. Whether an object is a dangerous weapon is not dependent upon the victim's belief that the object is a dangerous weapon. Whether an object is a dangerous weapon depends upon the object itself and how it is use.[1] A dangerous weapon is a weapon designed to be dangerous and, when employed, is per se deadly. See *Goolsby, supra,* p 378. A loaded gun would fall into this category. A dangerous weapon can also be an instrumentality which, although not designed to be a dangerous weapon, is used as a weapon and, when so employed, is dangerous. *Id.* A screwdriver used as a knife would fall into this category. However, an object which a victim believes is a dangerous weapon but is in itself harmless and is *not employed* in a dangerous manner is not a dangerous weapon. For example, a toy gun shooting caps is not a dangerous weapon merely because the victim believes it to be a dangerous weapon, i.e., a loaded operable gun. It is a facsimile of a dangerous weapon, but it is not a dangerous weapon.[2]

---

[1] Whether an object is a dangerous weapon under the circumstances of the case is a question for the factfinder. *McCadney, supra,* p 550.

[2] The toy gun, although not a dangerous weapon, would still supply the being armed element necessary for armed robbery. All that is required for this element is that the defendant be armed either with a dangerous weapon or an object fashioned or used in a manner which leads the victim to reasonably believe that the object is a dangerous weapon.

Although we find that CJI 18:1:01(4) incorrectly defines a dangerous weapon, we do not agree with defendant's assertion that the second sentence of the instruction is erroneous because it allows the jury to consider *only* the victim's belief that defendant had a weapon. The second sentence instructs that a dangerous weapon is any *thing* which the victim reasonably believes could cause serious injury. Thus the instruction requires the actual presence of an object which the victim reasonably believes could cause physical injury or death. In the instant case, the victim's testimony provided ample evidence from which the jury could find beyond a reasonable doubt (1) that an actual object was used in the assault and (2) that the object used was either a dangerous weapon or was an article fashioned or used in a manner to lead the victim to reasonably believe it to be a dangerous weapon and thus find the being armed element necessary for armed robbery. The victim testified that he had handled guns all of his life, in the army and in his job as an armed security officer at Metropolitan Airport. He testified that defendant threatened him with a blue steel automatic pistol, probably a .38 caliber, but that he only saw the barrel of the gun because defendant put the gun in his back. After the victim was tied up and placed face down on the floor he was struck on the head with a heavy object. The resulting injury required about thirty stitches to close. On this record there was no danger, contrary to defendant's assertion, that the jury would transform the victim's mere belief that there existed a dangerous weapon into the actual presence of a dangerous weapon or actual presence of an object fashioned or used in a manner to lead the victim to reasonably believe it to be a dangerous weapon. An actual object, not just a belief, was present in the instant case. Thus, even though we

find that the second sentence of CJI 18:1:01(4) is erroneous because it incorrectly defines a dangerous weapon, the giving of the instruction in the instant case did not result in manifest injustice and does not require reversal on the ground advanced by defendant.[3]

Defendant further contends that he was denied a fair trial by the prosecutor's comments during oral argument. Defendant argues that the prosecutor urged the jury to accept his personal opinion that defendant was guilty, that he made a "civic duty" argument, and that he attempted to belittle the jury by implying that, if it did not convict defendant, there would be something wrong with the jury. Initially we note that defense counsel did not object to the prosecutor's comments allegedly vouching for the defendant's guilt, and we find no miscarriage of justice resulted from these comments. *People v Delgado,* 404 Mich 76, 88; 273 NW2d 395 (1978). Furthermore, the trial court rendered a curative instruction to the jury after the alleged "civic duty" argument, thereby remedying any harm caused by that statement. Moreover, the argument that the jury would have to use their "imagination bordering on the twilight zone to figure" that the car driven by defendant the day of the robbery was not the victim's stolen car was not an attempt to belittle the jury, but merely an emphasis, albeit overzealous, on the reasonableness of the prosecution's argument as to what the evidence proved. Read in their entirety and in context, we do not find that the prosecutor's comments, although less than exemplary, denied defendant a fair trial.

---

[3] Although the second sentence incorrectly defines a *dangerous weapon,* it does correctly define one of the states of *being armed* sufficient for armed robbery. The defendant is armed if at the time of the assault the defendant holds an article which the person assaulted reasonably believes could cause serious physical injury or death by the way the article is fashioned or by the manner in which it is used.

Defendant finally contends on appeal that the sentencing court failed to articulate its reasons for sentencing and imposed a maximum sentence on the assault conviction in excess of the statutory limit. We agree. Defendant was sentenced to six to fifteen years imprisonment for the assault with intent to do great bodily harm less than murder conviction. The statutory maximum for such a crime is ten years. MCL 750.84; MSA 28.279. Thus defendant's sentence on the assault conviction is vacated and this case is remanded for resentencing on the assault charge. Furthermore, although at sentencing the trial court did address the requested corrections in the presentence report, the court failed to state its reasons for imposing sentence as required by *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). Thus we also remand for articulation on the record of the court's reasons for the fourteen- to twenty-five-year sentence on the armed robbery conviction. Moreover, we remind the court that, upon resentencing within the statutory maximum on the assault conviction, the court must also articulate its reasons for sentencing on that conviction.

Affirmed in part, vacated in part and remanded.