# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARGO REGINA SWANN,

      Defendant-Appellant.

UNPUBLISHED
March 10, 2015

No. 319107
Oakland Circuit Court
LC No. 2012-243442-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Following a bench trial, the circuit court convicted defendant of assault with a dangerous weapon (felonious assault), MCL 750.82(1), and malicious destruction of property valued between $200 and $1,000, MCL 750.377a(1)(c)(*i*). Defendant contends that the prosecution presented insufficient evidence that objects she employed during the assault were transformed into "dangerous weapons," rendering her felonious assault conviction insupportable. We disagree and therefore affirm.

## I. BACKGROUND

Defendant visited the laundromat where the victim was employed because she suspected the victim was having an affair with her husband. The victim was four or five months pregnant, informed defendant of this fact, and stated her desire not to engage in physical combat. Defendant was not deterred and the two women engaged in a two-minute fray, wrestling, pulling each other's hair, and throwing punches. After a customer pulled the women apart, the victim went behind the counter and called 911. Despite knowing that police had been summoned, defendant began to throw objects from around the laundromat at the victim. These included magazines, detergent containers, beverages, and a small garbage bin. Defendant also threw a heavy scale used to weigh laundry and a large metal laundry cart with a tall extension pole. The victim sustained several bruises from blocking the incoming items.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant's sole challenge on appeal is that insufficient evidence supported her use of a dangerous weapon during the assault. The court's decision was based on its characterization of the scale and laundry cart as dangerous weapons. As these large, heavy, metal items were used in an attempt to cause serious injury to the victim, we reject defendant's plea for appellate relief.

-1-

In the face of a sufficiency challenge, we apply de novo review and view the evidence in the "light most favorable to the prosecution to determine whether the trial court could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Wilkens*, 267 Mich App 728, 738; 705 NW2d 728 (2005). In doing so, we must "draw all reasonable inferences and make credibility choices in support of the [] verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Pursuant to MCL 750.82(1), "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, *or other dangerous weapon* without intending to commit murder or to inflict great bodily harm less than murder is guilty" of felonious assault. (Emphasis added.) The prosecution must establish three elements to support a conviction: "(1) an assault, (2) *with a dangerous weapon*, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Nix*, 301 Mich App 195, 205; 836 NW2d 224 (2013) (quotation marks and citation omitted, emphasis added).

That a laundry cart and scale are not generally used as weapons does not preclude defendant's conviction of felonious assault. It has long been established that commonplace, seemingly innocuous items can be dangerous weapons when used "against another in furtherance of an assault" and employed in a manner "capable of inflicting serious injury." *People v Goolsby*, 284 Mich 375, 378; 279 NW 867 (1938). "Whether an object is a dangerous weapon depends upon the object itself and how it is use[d]." *People v Barkley*, 151 Mich App 234, 238; 390 NW2d 705 (1986). For example, "[a] screwdriver used as a knife would fall into this category." *Id.* Ultimately, it is a question of fact whether an item is a dangerous weapon under the unique circumstances of any particular case. *People v McCadney*, 111 Mich App 545, 550; 315 NW2d 175 (1981).

Here, defendant launched a heavy metal scale and a large metal cart at the victim. Such items flung through the air with the purpose of striking another are "capable of inflicting serious injury." Defendant's attempt to recharacterize as benign her use of these objects is futile. So too are defendant's efforts to rewrite *Goolsby* as requiring the use of the object in a way *likely* to cause serious injury. The circuit court heard the victim's testimony and reviewed security footage of the assault. From this evidence, the court could conclude that defendant assaulted the victim with two dangerous weapons with the intent to injure the victim. We discern no error in the court's conviction following the bench trial.

We affirm.


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood