# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 22, 2018

Plaintiff-Appellee,

v

No. 338425
Ingham Circuit Court
LC No. 16-000631-FH

TIMOTHY COURDRE MATTHEWS,

Defendant-Appellant.

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

Defendant, Timothy Courdre Matthews, appeals as of right his conviction by a jury of assault with a dangerous weapon (felonious assault), MCL 750.82(1). Defendant was sentenced to six months in jail and a 24-month period of probation.[1] We affirm.

Defendant's conviction arises from an incident that occurred at Happy's Pizza in Lansing, Michigan, on June 30, 2016. According to Lakeshia Acree, an employee at the restaurant, defendant was a regular customer who often returned to complain after receiving his pizza order. On that day, after earlier purchasing a pizza, defendant entered the restaurant brandishing a golf club, apparently disgruntled about his pizza. Acree testified that defendant jumped over the service counter near Acree. As the customers ran from the store, defendant walked past Acree toward where the other employees were working and yelled "[W]ho made my pizza?" Defendant then confronted employee Bryann Lee, stating "[Y]ou're the one that messed up my food." Defendant was holding the golf club in a "batter's position." Lee testified that he put his hands up in a defensive position because he feared being hit by the golf club. Defendant swung the golf club at Lee, who jumped back. Defendant's swing missed Lee, but the golf club struck a microwave. Lee and Acree both ran from the restaurant, and the door locked behind them. Defendant broke the window of the restaurant's door with the golf club and kicked the

---

[1] Defendant was also convicted of one count of malicious destruction of a building causing damage or injury between $200 and $1000, MCL 750.380(4)(a), and one count of malicious destruction of personal property valued less than $200, MCL 750.377a(1)(d), and the sentence imposed was for the three convictions. Defendant does not challenge these convictions on appeal.

remaining glass from the door, then left the restaurant. Lee testified that as defendant broke the door and left the restaurant, he was afraid of what defendant would do and therefore moved farther away. After leaving the restaurant, defendant broke the passenger-side window of Acree's car and dented the car door with the golf club before driving away.

Defendant was convicted of felonious assault with respect to Lee, but was acquitted of a second charge of felonious assault with respect to Acree. Defendant was also convicted of two counts of malicious destruction of property. On appeal, defendant challenges only his conviction of felonious assault, arguing that there was insufficient evidence to support the conviction. We disagree.

We review a challenge to the sufficiency of the evidence presented at trial de novo, viewing the evidence in a light most favorable to the prosecution, to determine whether a rational fact-finder could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). In doing so, we draw all reasonable inferences in support of the jury verdict, *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000), and resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

MCL 750.82(1), the felonious assault statute, provides that "a person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony. . . ." The elements of felonious assault are "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Bosca*, 310 Mich App 1, 20; 871 NW2d 307 (2015), quoting *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999).

The first element, an assault, is demonstrated by showing "either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery . . . ." *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979) (quotation marks and citation omitted). Thus, to satisfy the assault element of felonious assault, the prosecution need only have proved that defendant either attempted to commit a battery, or placed Lee in reasonable apprehension of receiving an immediate battery. Here, the prosecution presented sufficient evidence to satisfy this element. According to the testimony at trial, defendant jumped over the service counter of the restaurant while brandishing a golf club, demanding to know who had made his pizza. Defendant then made his way to the back of the restaurant holding the golf club over his shoulder in a "batter's position," accused Lee of having "messed up [his] food," and swung the golf club at Lee. Lee jumped back, and the golf club missed him but hit a microwave instead. From this evidence a rational fact-finder could infer that had Lee not stepped out of the way of defendant's swing, the golf club would have hit him, and not the microwave, and thus defendant was attempting a battery on Lee. Defendant's contention that he merely sought to destroy the restaurant's property, and not commit an assault, is not supported by the facts, given defendant's statement to Lee immediately before he swung the golf club evidencing that defendant's aggression was directed at the person who made his pizza.

A rational fact-finder also could find that Lee was placed in reasonable apprehension of receiving an immediate battery. Lee testified that after being confronted by defendant, he raised his hands in fear because he thought defendant might hit him with the golf club. Acree testified that defendant then swung the golf club in Lee's direction and that Lee moved out of the way to avoid the golf club swing. Lee then fled the restaurant to avoid defendant, and moved farther away when defendant followed the employees outside. This evidence, viewed in a light most favorable to the prosecution, is sufficient to show that defendant attempted to commit a battery, and in doing so placed Lee in reasonable apprehension of receiving an immediate battery. Defendant's presence in a non-public area of the restaurant, his threatening posture while holding a golf club, the golf club swing toward Lee, destruction of a glass door to follow the employees outside, destruction to Acree's vehicle with the golf club, and Lee's testimony that he was afraid, would permit a reasonable trier of fact to conclude that Lee was in reasonable apprehension of receiving an immediate battery.

The second element, that the object used in the assault was a dangerous weapon, was also supported by sufficient evidence. A dangerous weapon is defined as "a pistol or other firearm, or a pneumatic gun, dagger, dirk, razor, stiletto, or knife having a blade over 3 inches in length, or any other dangerous or deadly weapon or instrument" carried with the intent to unlawfully use the weapon against another person. MCL 750.226; see also *Bosca*, 310 Mich App at 21. A dangerous weapon can also be " 'an instrumentality which, although not designed to be a dangerous weapon, is used as a weapon and, when so employed, is dangerous.' " *Id*., quoting *People v Barkley*, 151 Mich App 234, 238; 390 NW2d 705 (1986). Viewing the evidence in a light most favorable to the prosecution, defendant's golf club fits this definition. Using the golf club, defendant broke a microwave, broke through a glass door, and shattered a vehicle window. The damage caused by the golf club evidences the effectiveness and potential harm the object poses. Further, defendant's actions with the golf club demonstrated his intent to unlawfully use the weapon against another person.

The third element of felonious assault is the intent to injure or place the victim in reasonable apprehension of an immediate battery. We note that intent can be inferred from a defendant's conduct. *People v Parcha*, 227 Mich App 236, 239; 575 NW2d 316 (1998). Here, defendant's actions evidence his intent: defendant entered the restaurant brandishing a golf club in an aggressive fashion, he jumped over the service counter of the establishment, found his way to the back of the restaurant, accused Lee of having "messed up" his pizza, and proceeded to swing the club in Lee's direction. After Lee and Acree fled the store, defendant broke through a locked glass door with the golf club to follow the employees into the parking lot. A rational trier of fact could find on these facts that defendant carried a dangerous weapon with the requisite intent to injure Lee or place him in reasonable apprehension of an immediate battery.

We reject defendant's contention that the evidence was insufficient because it was circumstantial. Circumstantial evidence, and the reasonable inferences arising from that evidence, can constitute sufficient evidence to prove the elements of a crime. *Nowack*, 462 Mich at 400. But in this case, defendant's conviction rests in large part upon direct evidence, such as eyewitness testimony and photographic evidence of defendant taken by the restaurant's security camera and showing, for example, defendant in the restaurant leaping over the counter with a golf club. We also reject defendant's argument that because the jury found the evidence insufficient to convict him of assault upon Acree, the evidence could not support a conviction for

assault upon Lee. Defendant's actions toward Lee were different than his actions toward Acree. Defendant singled Lee out as the person whom defendant believed had made his pizza, and directed the attack with the golf club specifically at Lee. We therefore find no inconsistency in the jury finding that the evidence demonstrated an assault upon Lee, but not upon Acree.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel